IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATONYA S. FRANKLIN, | |
| *Plaintiff*, | |
| v. | Civil Action No. ELH-15-00786 |
| TRI-COUNTY COUNCIL FOR THE LOWER EASTERN SHORE OF MARYLAND | |
| *Defendant*. | |

## MEMORANDUM

On March 18, 2015, plaintiff Latonya S. Franklin, who is self-represented, filed suit in this Court against her former employer, defendant, Tri-County Council for the Lower Eastern Shore of Maryland ("TCC").  ECF 1.  Franklin alleges that TCC terminated her because of her color, and in retaliation for some undefined activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*  *Id.* at 2.[1]  Her factual allegations are as follows, in their entirety, ECF 1 at 2:

> …Retaliation and harassment; terminated after contacting co-workers [sic] spouse.  Employer engaged in adverse action that is likely to deter a reasonable employee from pursuing their rights under [Title VII].
>
> ***
>
> The employer failed to use neutral employment practices that did not have a disproportionately negative effect on me based on color.  The employer allowed a distressed co-worker and her husband to meet with the HR Director and HR Specialist before normal business hours regarding allegations of Gross Misconduct.  The employer accepted statements from co-workers while knowing

---

[1] Because plaintiff is self-represented, her suit has been liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the statements made were false.  The employer did not conduct an investigation
that allowed me the same opportunity as my white female co-workers.

Franklin requests injunctive relief, $2,769,500.00 in damages, and costs.  *Id*. at 3-4.

On May 7, 2015, TCC filed a Motion to Dismiss, or in the Alternative, for Summary
Judgment (ECF 6, "Motion"), with a memorandum of law (ECF 6-1) and six exhibits.  TCC
argues that the Complaint fails to state a plausible claim for relief and must be dismissed,
pursuant to Fed. R. Civ. P. 12(b)(6).  ECF 6-1 at 10-19.  It argues, *inter alia*:  "Although
Plaintiff's Complaint contains conclusory allegations that Plaintiff was treated differently as a
result of her race, the Complaint fails to allege facts establishing the plausibility of those
threadbare allegations."  ECF 6-1 at 11.  In the alternative, TCC argues that it is entitled to
summary judgment on all of Franklin's claims, pursuant to Fed. R. Civ. P. 12(d) and 56.  *Id*.

Plaintiff opposed the Motion (ECF 8, "Opposition"), and submitted twelve accompanying
exhibits.  *See* ECF 8-1 through ECF 8-12.  Franklin's Opposition consists of new factual
allegations, *see* ECF 8 at 1, 4-9, as well as requests for discovery (*i.e.*, "PLAINTIFF'S
PETITION TO HAVE TELEPHONE RECORDS SUBPOENAED").  ECF 8 at 2-3.  The
exhibits are related to Franklin's employment.

To defeat a motion under Rule 12(b)(6), a complaint "must plead facts sufficient to show
that [the] claim has substantive plausibility."  *Johnson v. City of Shelby, Miss*., ____ U.S. ____,
135 S. Ct. 346, 347 (2014); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in
*Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Epps v. JP Morgan Chase Bank, N.A.*,
675 F.3d 315, 320 (4th Cir. 2012); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754,
768 (4th Cir. 2011).  If the "well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief . . . .'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must it accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010).

A court's consideration of a Rule 12(b)(6) motion is generally confined to facts alleged in the operative pleading. Ordinarily, a court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). However, a court may properly consider documents attached or incorporated into the complaint, as well as documents attached to the defendant's motion, "'so long as they are integral to the complaint and authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'"

*Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Alternatively, where a party submits matters outside the pleadings in connection with a motion to dismiss, a court may consider those matters if it treats the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "[T]he term 'reasonable opportunity' requires that all parties be given 'some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery.'" *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (quoting *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir. 1974)). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998); *see Gay*, 761 F.2d at 177 ("When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment.").

In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. 5C Wright & Miller, FED. PRAC. & PRO. § 1366 (3d ed. 2004, 2011 Supp.). The court's discretion, however, "should be exercised with great caution and attention to the parties' procedural rights." *Id.*

- 4 -

Here, I agree with TCC that Franklin's "threadbare allegations" fail plausibly to show that her termination was because of her color, or in retaliation for protected activity. With respect to the apparent retaliation claim, Franklin fails to allege that she engaged in any prior protected activity. With respect to the color-based claim, even taking as true the allegation that Franklin's white co-worker was permitted to speak with "HR" representatives before normal business hours, nothing in the Complaint supports the inference that TCC treated Franklin differently than that co-worker during TCC's investigation process. Franklin does not allege, for example, that she asked to speak with HR representatives before normal business hours but was denied that opportunity. Nor does Franklin provide any support for her conclusory allegation that Franklin was generally not "allowed … the same opportunity as [her] white female co-workers." ECF 1 at 2.

Moreover, to the extent Franklin believes that the new factual allegations included in her Opposition can save her claim, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Mylan Laboratories, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Consequently, in deciding TCC's Motion, I cannot consider the facts alleged in Franklin's Opposition.

In sum, nothing plausibly shows that Franklin engaged in protected civil rights enforcement activity, or that she was treated differently than similarly situated colleagues, or that

she was fired because of her engagement in undefined protected activity or because of her color.
"Only speculation can fill the gaps in her [C]omplaint … ." *McCleary-Evans v. Md. Dep't of
Transp.*, 780 F.3d 582, 586 (4th Cir. 2015).  And, because I find that Franklin's Complaint fails
to state a claim, I will dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and I will not
reach defendant's request, in the alternative, that I grant summary judgment in its favor.
However, I will grant plaintiff leave to amend.

A separate Order follows, consistent with this Memorandum.


Date: June 5, 2015                                    _____/s/_____
                                                     Ellen Lipton Hollander
                                                     United States District Judge