**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LATONYA FRANKLIN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. ELH-15-786** |
| **TRI-COUNTY COUNCIL FOR THE LOWER EASTERN SHORE OF MARYLAND** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * *

## REPORT AND RECOMMENDATIONS

Judge Hollander referred this case to me for all discovery and related scheduling matters. [ECF No. 25]. Presently pending is Defendant Tri-County Council for the Lower Eastern Shore of Maryland's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 37(d). [ECF No. 24]. Plaintiff Latonya Franklin ("Plaintiff") has not filed an opposition, and her deadline has now passed. *See* Loc. R. 105.2.a (D. Md. 2014). Because Defendant seeks a dispositive discovery sanction, I have addressed its motion in the form of a Report and Recommendations to Judge Hollander. Upon review of the motion, I respectfully recommend that Plaintiff be ordered to answer the interrogatories and requests for documents sent by Defendant's counsel within thirty (30) days of Judge Hollander's final Order. In the event that Plaintiff does not comply, I recommend that this case be dismissed with prejudice. I also recommend that, absent a showing of financial hardship, Plaintiff be required to pay Defendant's reasonable attorney's fees related to this motion.

## I. BACKGROUND

Plaintiff, who appears *pro se*, filed this employment discrimination action against Defendant on March 18, 2015. [ECF No. 1]. She also filed a motion for leave to proceed *in*

*forma pauperis*, which Judge Hollander granted on March 31, 2015. [ECF Nos. 2-3]. Plaintiff initially alleged wrongful termination based on race, retaliation, and harassment under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e, *et seq.*, and sought injunctive relief, $2,769,500.00 in damages, costs, and attorney's fees. Compl. at 1-4. On May 7, 2015, Defendant filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. [ECF No. 6]. Plaintiff submitted an opposition to Defendant's motion on June 4, 2015, nine days after the court's deadline. [ECF No. 8]. The next day, Judge Hollander granted Defendant's motion without prejudice, dismissed the complaint on the grounds that Plaintiff had failed to state a claim, and gave Plaintiff twenty-one days to file an Amended Complaint. [ECF No. 10]. In her attached memorandum, Judge Hollander acknowledged Plaintiff's opposition, but did not address the fact that it was untimely. [ECF No. 9].

Twenty-one days later, Plaintiff filed an Amended Complaint. [ECF No. 11]. Expounding upon her initial allegations, Plaintiff alleged wrongful termination in retaliation for her use of a company cell phone during an incident with a co-worker's spouse, discrimination based on race, harassment, and intentional infliction of emotional distress. Am. Compl. at ¶¶ 5-22. On July 9, 2015, Defendant again moved to have the case dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had failed to comply with the Local Rules and had failed to show that she was engaging in any protected activity. *See* Def.'s Second Mot. to Dismiss at 10-16, [ECF No. 12]. The next day, the Clerk's office mailed Plaintiff a letter warning that the Court could dismiss her case if she did not respond to Defendant's motion within seventeen days. [ECF No. 13]. Seventeen days later, Plaintiff filed a response. [ECF No. 14]. On February 4, 2016, Judge Hollander denied Defendant's motion as it pertained to the wrongful termination claim, but granted it in all other respects. [ECF Nos. 16, 17]. Defendant

then filed an Answer as to the remaining claim, and Judge Hollander issued a Scheduling Order. [ECF Nos. 18, 19].

The Scheduling Order encouraged the parties to immediately confer with one another regarding potential discovery issues, directed Defendant's counsel to submit a status report by March 16, 2016, and instructed the parties to complete all discovery by July 15, 2016. Scheduling Order at 2-3. Judge Hollander also warned Plaintiff that she was responsible for complying with the rules of this Court, and suggested that she consult a guide for *pro se* litigants. *Id.* at 1.

Since the issuing of the Scheduling Order, Plaintiff has not been responsive to Defendant's communications. According to Defendant's Rule 37(d) motion, Defendant attempted to make contact by sending Plaintiff a letter on March 11, 2016, advising her that she and Defendant were required to consult with each other, informing her that Defendant's counsel did not have her contact information, and asking that she call or email Defendant's counsel so that counsel could include her positions in the status report. Def.'s Third Mot. to Dismiss at ¶ 2 & Ex. 1, [ECF Nos. 24, 24-1]. Plaintiff did not respond. Def.'s Third Mot. to Dismiss at ¶ 2. On March 16, 2016, Defendant filed the status report, per the Scheduling Order's deadline, without any input from Plaintiff. [ECF No. 20]. The report informed the Court that Defendant had attempted to contact Plaintiff but had not received a response, and requested that a settlement conference be conducted after the dispositive motions deadline set forth in the Scheduling Order. *See id.* at 1. That same day, the case was referred to United States Magistrate Judge Mark Coulson for settlement. [ECF No. 21]. On March 17, 2016, Judge Coulson issued an order scheduling a settlement conference for October 21, 2016. [ECF No. 22]. He advised the parties to engage in good faith negotiations prior to that date, required Plaintiff to submit an itemization

of damages and a settlement demand by September, and warned that "failure to comply without justification may result in the imposition of sanctions." *Id.*

Despite these developments, Plaintiff has not responded to any correspondence or filings. *See* Def.'s Third Mot. to Dismiss at ¶¶ 3-5. On March 15, 2016, Defendant properly served Interrogatories and Requests for Production of Documents on Plaintiff, seeking discovery regarding Plaintiff's employment history and finances, the witnesses and documents she intends to use at trial, the basis for her wrongful termination claim, and details regarding her alleged injuries and damages. *See id.* at Ex. 2. The instructions attached to the discovery requests stated that, pursuant to the Federal Rules of Civil Procedure, Plaintiff was required to serve her responses within thirty days. *Id.* Plaintiff did not respond. *Id.* at ¶ 3. On April 19, 2016, five days after the deadline, Defendant sent Plaintiff a letter asking that she answer as soon as possible. *Id.* at Ex. 3. On April 28, 2016, Defendant sent another letter, warning that if Plaintiff did not respond by May 6, 2016, Defendant "w[ould] be forced to seek relief from the Court." *Id.* at Ex. 4. Plaintiff again did not respond. *Id.* at ¶¶ 4, 5, 8.

On May 12, 2016, Defendant filed the instant motion, asking the Court to dismiss the case with prejudice due to Plaintiff's failure to provide discovery. *See id.* Defendant also requested that the Court order Plaintiff to pay costs and reasonable attorney's fees incurred in preparing the motion. *Id.* at ¶ 8. The motion certifies that Defendant undertook good faith efforts to confer with Plaintiff and to obtain her answers without court intervention, and argues that Plaintiff's unresponsiveness has prejudiced Defendant's ability to defend the lawsuit. *Id.* at 3 & ¶ 8. On May 13, 2016, the Clerk's Office mailed Plaintiff another letter warning that the Court could dismiss her case if she did not respond within seventeen days. [ECF No. 26]. Plaintiff did not respond by that deadline, marking nearly ten months since her last submission to the Court. *See* [ECF No. 15].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may grant a motion for sanctions if a party fails to serve answers, objections, or a written response to properly served interrogatories. The motion must certify that "the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). When granting the motion, the court has broad discretion to select any of the sanctions listed in Federal Rule 37(b)(2)(A), such as dismissal of the action or the rendering of a default judgment against the disobedient party. Instead of or in addition to these sanctions, the Court "must require the party failing to act to pay reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Where a party is self-represented, she is still responsible for performing all duties imposed upon counsel by the Local and Federal Rules. Loc. R. 101.1.a (D. Md. 2014). While "'*pro se* litigants are entitled to some deference from courts,'" this deference generally only "relates to construing a *pro se* plaintiff's complaint," and not to a *pro se* plaintiff's failure to meet Court-imposed deadlines. *Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 2696632, at *5 (D. Md. July 6, 2010) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). When considering sanctions under Rule 37(d), this Court holds *pro se* plaintiffs "responsible for [their] failures to comply with the Rules and court orders." *Adams v. Maryland Mgmt. Co.*, No. WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013). Courts in the Fourth Circuit may dismiss a case "if the *pro se* litigant's refusal to comply . . . warrant[s] such a sanction." *Diamond*, 2010 WL 2696632 at *6; *see also Robinson v. Yellow Freight Sys.*, 923 F.2d 849 (4th Cir. 1991) (unpublished opinion) (affirming district court's reasoning that *pro se* plaintiff's continued disregard for discovery orders warranted dismissal under Rule 37);

*Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *2 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's continuous failure to attend depositions sessions or to respond to requests and interrogatories warranted dismissal).

When determining which of the Rule 37 sanctions is appropriate, courts in the Fourth Circuit consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks omitted). The presence or absence of any one of these factors is not dispositive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010).

The sanction of dismissal "is generally limited to 'the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.'" *Hughley v. Leggett*, No. DKC-11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). In those cases, the Fourth Circuit requires district courts to "'provide explicit and clear notice when they intend to dismiss the plaintiff's action,'" or "precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice." *Okpala v. Computer Scis. Corp.*, 585 Fed. App'x 298, 298 (4th Cir. 2014) (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993)); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998). After proper warning, failure to respond to interrogatories can merit such a severe sanction. *See Nat'l Hockey League, et al. v. Metro. Hockey Club, Inc., et al.*, 427 U.S. 639, 643 (1976).

## III.   ANALYSIS

The first three factors suggest that the Court should dismiss this case. Beginning with the first factor, the presence of bad faith, Plaintiff has shown disregard for the Court's deadlines and orders. Early in the litigation, she filed her response to Defendant's motion to dismiss her initial Complaint nine days late. *See* [ECF No. 8]. She then ignored Defendant's attempt to confer, per the Scheduling Order's instructions, and provided no input in the status report. *See* Def.'s Third Mot. to Dismiss ¶ 2 & Ex. 1; Scheduling Order at 3; Status Report at 1. Plaintiff failed to respond to Defendant's properly served discovery requests, even though the Scheduling Order warned that she was responsible for complying with court rules, the requests reminded her of the thirty-day deadline, and Defendant afforded her two chances to send the overdue answers. Def.'s Third Mot. to Dismiss ¶¶ 3-5 & Ex. 2-4; Scheduling Order at 1. Those offers are evidence of Defendant's good faith effort to resolve the situation without involving the Court. Conversely, Plaintiff "demonstrate[ed] a pattern of indifference and disrespect to the authority of the [C]ourt," and then neglected to provide an explanation for her failures. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. With no attorney to blame, Plaintiff is responsible for this conduct. *See Diamond*, 2010 WL 2696632, at *8; *Taylor v. Fresh Fields Markets, Inc.*, No. 94-00055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996), *aff'd*, 112 F.3d 510 (4th Cir. 1997) (unpublished opinion) ("[T]his is not a case where a careless attorney has prejudiced his client; because plaintiff is proceeding *pro se*, he is 'personally responsible for the actions leading to dismissal.'") (quoting *Parks v. Huff*, 955 F.2d 42, 1992 WL 21363, at *2 (4th Cir. 1992) (unpublished opinion)). Such behavior supports a finding of bad faith. *See, e.g.*, *Sadler*, 178 F.R.D. at 60.

Turning to the second factor of prejudice, this Court "must consider whether the evidence withheld is material." *Johnson v. Diversified Consultants, Inc.*, No. PWG-15-1486, 2016 WL

1464549, at *3 (D. Md. Apr. 13, 2016) (citing *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93). Defendant sought information regarding Plaintiff's employment history, her plans for trial, the basis for her wrongful termination claim, and the details regarding her alleged injuries and damages. *See* Def.'s Third Mot. to Dismiss Ex. 2. Because this evidence "goes to the heart of her claim," Plaintiff's "failure to answer . . . precludes [Defendant] from preparing a defense." *Johnson*, 2016 WL 1464549, at *3 (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). Thus, the evidence sought and withheld is material. Moreover, if Plaintiff's lack of participation results in "little to no discovery in a case, the amount of prejudice to a defendant is substantial." *Doggett v. City of Hyattsville*, No. TDC-13-3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014). Therefore, the second factor cuts in favor of dismissal.

Regarding the third factor of deterrence, "stalling and ignoring direct orders of the court," as Plaintiff has done here, "must obviously be deterred" because such behavior "undermines this Court's ability to manage [a] case effectively and fairly." *Johnson*, 2016 WL 1464549, at *8 (citations and internal quotation marks omitted). Plaintiff's frustration of the discovery process demands a penalty. *See Anderson*, 155 F.3d at 505.

However, the fourth factor suggests that the Court should precede dismissal with a lesser sanction. To be sure, Plaintiff's unresponsiveness indicates that a lesser sanction may not be effective, *see Johnson*, 2016 WL 1464549, at *9 (citing *Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3), but courts in the Fourth Circuit generally impose a dispositive sanction only in cases where the noncompliant party disregarded an earlier, lighter sanction, such as a protective order, a motion to compel, or the payment of attorney's fees. *See, e.g.*, *Anderson*, 155 F.3d at 505 (finding that an entry of default judgment was warranted where a protective order had not deterred abuses); *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 89-94

(holding that default judgment was proper where the court had issued five prior orders to compel, all of which went unanswered, and had levied an earlier sanction of costs). To date, no such preliminary deterrent has been issued in this case.

Additionally, it is not clear if the Plaintiff has been afforded a "clear and explicit" warning regarding the possibility of dismissal with prejudice, as is appropriate in these circumstances. *See Sadler*, 178 F.R.D. at 60. Plaintiff was certainly warned of her general obligations several times, but none of these warnings conveyed the possibility of the imposition of sanctions pursuant to Rule 37(d). The second letter from the Clerk of Court only included copies of Federal Rules of Civil Procedure 12 and 56, and did not mention anything about dismissal with prejudice. *See* [ECF No. 26]. Moreover, the Court has not directed Plaintiff to respond to Defendant's requests, so she has not been given "the opportunity to satisfy the conditions and avoid the sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (internal quotation marks omitted). To dismiss with prejudice before providing such warning and opportunity would be inconsistent with this Court's practice. *See, e.g., Sadler*, 178 F.R.D. at 60 (dismissal without prejudice, conditioned on payment of fees and with express warning, was appropriate because plaintiff was never explicitly and clearly warned).

Therefore, I recommend that the Court order Plaintiff to answer Defendant's interrogatories and document requests. I also recommend that the Order include a clear and explicit warning that Plaintiff's failure to comply with the Court's Order by responding to Defendant's discovery requests will result in the sanction of dismissal with prejudice.

Additionally, Defendant seeks the payment of costs and reasonable attorney's fees. *See* Def.'s Third Mot. to Dismiss at ¶¶ 7, 8. Federal Rule 37(d) mandates such "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). Plaintiff does not provide any justification for her failure to comply with

discovery deadlines. As to the factors that may make the obligatory payment of costs and fees unjust, Plaintiff proceeds *in forma pauperis*. This Court has acknowledged that "there may well be situations in which financial indigenc[e] will tilt against the imposition of Rule 37 sanctions." *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984); *see also Porreca v. Mitchell L. Morgan Mgmt.*, No. JFM-08-1924, 2009 WL 400626, at *5 (D. Md. Feb. 13, 2009) (dismissal without prejudice was a less severe sanction than imposition of costs because plaintiff was homeless). However, this Court has also determined that "[a] flat *per se* policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that [R]ule." *Id.* at 521; *see also Adams*, 2012 WL 4889715, at *1 (D. Md. Oct. 12, 2012) ("Plaintiff's limited financial circumstances do not excuse [P]laintiff from compliance with her obligations . . . nor, of course, address [D]efendant's expenditure of fees to defend the action that plaintiff voluntarily filed."). To date, Plaintiff has put forth no reason why her indigence should stop the Court from issuing a monetary sanction.

Therefore, I recommend that Defendant submit a bill of costs and attorney's fees within fourteen (14) days from the date of Judge Hollander's final order. Within fourteen (14) days thereafter, Plaintiff may file a response, which shall be limited to: (1) objecting to the reasonableness of Defendant's expenses, and/or (2) providing a factual basis on which the Court may find that the imposition of such expenses on Plaintiff would be unfair. *See Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *5 (D. Md. July 23, 2013) (internal quotation marks omitted).

## IV. CONCLUSION

For the reasons discussed above, I recommend that:

1. Judge Hollander order Plaintiff to respond to Defendant's May 15 Interrogatories and Requests for Documents pursuant to Federal Rules of Civil Procedure 33 and 34, within thirty (30) days from the date of Judge Hollander's final Order;

2. If Plaintiff does not comply, Judge Hollander grant Defendant's motion to dismiss with prejudice, [ECF No. 24], pursuant to Federal Rule of Civil Procedure 37(d)(3) and (b)(2)(A)(v); and

3. Absent a showing that financial circumstances make an award unjust, Judge Hollander order Plaintiff to pay the reasonable expenses, including attorneys' fees, caused by her failure to comply with this Court's discovery orders, pursuant to Federal Rule of Civil Procedure 37(d)(3), following the procedure outlined above.

I also direct the Clerk to mail a copy of this Report and Recommendations to the Plaintiff at the address listed on her Amended Complaint, [ECF No. 11]. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

## V.     NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 8, 2016                                               /s/
                                                                          Stephanie A. Gallagher
                                                                          United States Magistrate Judge