IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATONYA FRANKLIN,<br><br>   *Plaintiff.*<br>    v.<br><br>TRI-COUNTY COUNCIL FOR THE<br>LOWER EASTERN SHORE OF<br>MARYLAND,<br><br>   *Defendant.* | CIVIL NO.: ELH-15-00786 |

**MEMORANDUM**

Latonya Franklin, who is self-represented, filed suit on March 18, 2015, against her former employer, Tri-County Council for the Lower Eastern Shore of Maryland ("TCC"). *See* ECF 1, Complaint. Franklin alleged that TCC terminated her in 2014 because of her color, and in retaliation for some undefined activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000(e), *et seq.*

TCC filed a preliminary motion to dismiss (ECF 6), which Franklin opposed. ECF 8. By Memorandum (ECF 9) and Order (ECF 10) of June 5, 2015, I granted TCC's initial motion, with leave to amend. Franklin's First Amended Complaint was docketed on June 26, 2015. ECF 11.

TCC again moved to dismiss (ECF 12) and Franklin again opposed the motion (ECF 14). For the reasons set forth in a Memorandum Opinion and Order dated February 4, 2016 (ECF 16; ECF 17), I denied the motion with respect to plaintiff's claim for wrongful termination under Title VII, but granted the motion as to all other claims.

Thereafter, on February 23, 2016, I issued a Scheduling Order permitting the parties to engage in discovery. ECF 19.

On May 12, 2016, TCC filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(d). ECF 24. TCC claimed that on March 15, 2016, it served plaintiff with interrogatories and requests for production of documents (*id.* ¶ 3) and, despite defendant's repeated efforts to obtain responses from plaintiff, she has failed to respond. *Id.* ¶¶ 4, 5, 8. Accordingly, I referred discovery and related scheduling matters to Magistrate Judge Stephanie Gallagher (ECF 25), including a Report and Recommendation as to ECF 24.

On July 8, 2016, Judge Gallagher issued her Report and Recommendations. ECF 27. She addressed, *inter alia*, plaintiff's failure to comply with her discovery obligations. No objections, exceptions, or responses were filed with respect to ECF 27, and the time to do so has expired. Nor did plaintiff ever respond to defendant's motion to dismiss. *See* Docket.

As noted by Judge Gallagher in her thorough and comprehensive review of the factual and legal issues, "Plaintiff does not provide any justification for her failure to comply with discovery deadlines." ECF 27 at 9-10. Accordingly, by September 1, 2016, plaintiff shall respond to defendant's interrogatories and request for documents, which were submitted on or about March 15, 2016, pursuant to Federal Rules of Civil Procedure 33 and 34. Failure to respond may result in the sanction of dismissal of the case, with prejudice. In addition, the Court will consider a request from defendant for legal fees and costs, as set out in the Order that follows.

Date: July 28, 2016                                                                                  /s/
                                                                                                     Ellen L. Hollander
                                                                                                     United States District Judge