IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATONYA S. FRANKLIN,<br>   *Plaintiff*,<br><br>v.<br><br>TRI-COUNTY COUNCIL FOR THE<br>LOWER EASTERN SHORE OF<br>MARYLAND,<br>   *Defendant*. | Civil Action No. ELH-15-00786 |

**MEMORANDUM**

On March 18, 2015, Latonya Franklin, who is self-represented, filed an employment discrimination action against Tri-County Council for the Lower Eastern Shore of Maryland. ECF 1. She also moved to proceed *in forma pauperis* (ECF 2), which I granted. ECF 3.

Initially, plaintiff alleged wrongful termination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, based on race, retaliation, and harassment. ECF 1. She sought injunctive relief as well as monetary damages, costs, and attorneys' fees. *Id.* Defendant moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. ECF 6. I granted that motion, without prejudice, and afforded plaintiff twenty-one days in which to file an amended complaint. ECF 9; ECF 10. Thereafter, plaintiff filed an amended complaint. ECF 11.

Again, defendant moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 12. I denied the motion as it pertained to the wrongful termination claim, but granted it in all other respects. ECF 16; ECF 17. After defendant answered (ECF 18), I issued a scheduling order. ECF 19. In accordance with the Scheduling Order, the parties were instructed to complete

discovery by July 15, 2016.  Defendant repeatedly attempted to contact plaintiff for the purpose of proceeding with discovery, without success.  *See* ECF 20; ECF 24; ECF 24-1.

On March 15, 2016, defendant served plaintiff with Interrogatories and Requests for Production of Documents, seeking discovery with respect to plaintiff's employment history and finances; the witnesses and documents she intended to use at trial; the basis for her wrongful termination claim; and her damages.  *See* ECF 24-2.  Plaintiff was also informed that she was required to respond within 30 days.  *Id.*  However, she did not respond.  ECF 24, ¶ 3.  On April 19, 2016, five days after the deadline to respond to the discovery, defendant wrote to plaintiff, asking for her discovery responses.  ECF 24-3.  Defendant sent another letter to plaintiff on April 28, 2016, warning that if she did not respond by May 6, 2016, defendant would "be forced to seek relief from the Court."  ECF 24-4.  Again, plaintiff did not respond.  ECF 24, ¶¶ 4, 5, 8.

Thereafter, on May 12, 2016, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(d) (the "Motion"), seeking dismissal of the case, with prejudice, due to plaintiff's failure to provide discovery.  ECF 24 (the "Motion").  In the Motion, defense counsel certified that good faith efforts were made to confer with plaintiff and to obtain her responses to the discovery requests, without Court intervention.  ECF 24 at 3 & ¶ 8.  The Clerk's Office mailed plaintiff a warning letter on May 13, 2016, informing her that the Motion could lead to dismissal of her case.  ECF 26.  Nevertheless, plaintiff did not respond to the Motion.[1]

I referred the Motion (ECF 24) to Magistrate Judge Stephanie Gallagher on May 12, 2016.  ECF 25.  Judge Gallagher issued her Report and Recommendations on July 8, 2016.  ECF 27.  In her Report and Recommendations, Judge Gallagher reviewed the legal standard applicable to a motion under Fed. R. Civ. P. 37(d), as well as the factors governing the sanction

---

[1] Indeed, plaintiff's last submission to the Court was made more than a year ago, on August 11, 2015.  *See* ECF 15.

of dismissal, including as to pro se litigants.  *See* ECF 27 at 5-6.  Judge Gallagher proceeded to analyze the applicable factors.  *Id.* at 7-10.  I completely agree with Judge Gallagher's analysis of the applicable factors, adopt them as my own, and incorporate that analysis here.

Based on the analysis of the applicable factors, Judge Gallagher recommended that I order plaintiff to respond to the pending discovery requests within 30 days and, further, that if plaintiff failed to comply, it would then be appropriate to dismiss plaintiff's case, with prejudice, for the reasons she stated.  *See* ECF 27 at 7-11.

Thereafter, on July 28, 2016, I issued a Memorandum (ECF 28) and Order (ECF 29) requiring plaintiff to respond, by September 1, 2016, to defendant's Interrogatories and Requests for Documents.  *Id.*[2]

By letter of September 13, 2016 (ECF 31), defense counsel advised the Court that plaintiff has not provided any discovery responses.  Indeed, defense counsel has not received any communication from plaintiff.  *Id.*

Based on the foregoing, and for all the reasons set forth by Judge Gallagher in her Report and Recommendations (ECF 27), incorporated herein, I shall grant defendant's motion to dismiss, with prejudice, pursuant to F. R. Civ. P. 37(d).

An Order follows.


Date: September 14, 2016                             /s/
                                                     Ellen L. Hollander
                                                     United States District Judge

---

[2] In addition, I stated that, if defendant seeks an award of attorneys' fees and costs under Fed. R. Civ. P. 37(d)(3), then defendant must submit a motion for the award of payment of reasonable attorneys' fees and costs, along with proper documentation.  No such request has been submitted.